IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02923-PAB

BRANDY MARTIN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on the motion for attorney's fees [Docket No. 30] filed by plaintiff Brandy Martin.  In her motion, plaintiff requests that, pursuant to 42 U.S.C. § 406(b), the Court grant her attorney, Chris R. Noel, $8,907.25 in attorney's fees in connection with this case.  The motion is unopposed.

    Section 406(b) of Title 42 of the United States Code provides, in pertinent part, that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The Tenth Circuit has "conclude[d] that § 406(b)(1) allows a district court to award attorneys' fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits."  *McGraw v. Barnhart*, 450 F.3d 493,

503 (10th Cir. 2006).  "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  Pursuant to this statutory provision, "each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for word done before the court."  *McGraw*, 450 F.3d at 498.  Thus, despite a contingent-fee agreement, courts must review the reasonableness of the fees yielded by the agreement to ensure that the attorney's recovery is based on the character of the representation and the results achieved.  *Gisbrecht*, 535 U.S. at 807.

The Court has reviewed the pleading and is fully advised in the premises.  In light of the hours worked, the motion being unopposed, as well as plaintiff's favorable outcome, the Court concludes that an attorney's fee of $8,907.25 is reasonable.

Accordingly, it is

**ORDERED** that plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 30] is **GRANTED**.  It is further

**ORDERED** that plaintiff's counsel is awarded attorney's fees in the amount of $8,907.25.

DATED June 27, 2012.

            BY THE COURT:

             s/Philip A. Brimmer
             PHILIP A. BRIMMER
             United States District Judge